# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANIEL REIS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:25-CV-01851 |
| v. | |
| WEL COMPANIES, INC., | |
| Defendant. | |
| SHEILA HARTLEBEN, and JAY PATTEN, individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:25-CV-01861 |
| v. | |
| WEL COMPANIES, INC., | |
| Defendant. | |
| WYNDOL SHURLEY, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:25-cv-01864 |
| v. | |
| WEL COMPANIES, INC., | |
| Defendant. | |
| ADRIENNE ISLAND, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:25-cv-01867 |
| v. | |
| WEL COMPANIES, INC., | |
| Defendant. | |

| | |
|---|---|
| TRAVIS GREEN, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>WEL COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:25-CV-01868 |
| DONALD PRESSLEY, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>WEL COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:25-CV-01869 |
| JUSTIN ARBOGAST, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>WEL COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:25-cv-01871 |
| RUSSELL LAMB, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>WEL COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:25-cv-01874 |
| KARL ERIKSEN, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v. | Case No. 1:25-cv-01877 |

| | |
|---|---|
| WEL COMPANIES, INC., <br><br> Defendant. | |
| IAN KERSEY, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WEL COMPANIES, INC., <br><br> Defendant. | Case No. 1:25-cv-01882 |
| JOHN EWING, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WEL COMPANIES, INC., <br><br> Defendant. | Case No. 1:25-cv-01884 |
| MICHAEL WILLIAMSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WEL COMPANIES, INC., <br><br> Defendant. | Case No. 1:25-cv-01889 |
| PAUL JOLLY III and ANDRE JONES, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WEL COMPANIES, INC., <br><br> Defendant. | Case No. 1:25-cv-1911 |

| | |
|---|---|
| ROSCOE REDD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEL COMPANIES, INC.,<br><br>Defendant. | Case No. 1:25-cv-01913 |
| CORY PHILLIPS and CAMILLA ROBINSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEL COMPANIES, INC.,<br><br>Defendant. | Case No. 1:25-cv-01918 |

**ORDER GRANTING MOTION FOR CONSOLIDATION OF CASES AND REQUEST TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**

This matter is before the Court on the Motion for Consolidation and Appointment of Interim Class Counsel ("Motion") under Federal Rules of Civil Procedure 23(g)(3) and 42, and Civil L. R. 42(a) by Plaintiffs and Defendant in 15 related actions *Reis v. WEL Companies Inc.*, 1:25-CV-01851; *Hartleben et al v. WEL Companies Inc.*, 1:25-CV-01861; *Shurley v. WEL Companies Inc.*, 1:25-cv-01864; *Island v. WEL Companies Inc.*, 1:25-cv-01867; *Green v. WEL Companies Inc.*, 1:25-CV-01868; *Pressley v. WEL Companies Inc.*, 1:25-CV-01869; *Arbogast v. WEL Companies Inc.*, 1:25-cv-01871; *Lamb v. WEL Companies Inc.*, 1:25-cv-01874; *Eriksen v. WEL Companies Inc.*, 1:25-cv-01877; *Kersey v. WEL Companies Inc.*, 1:25-cv-01882; *Ewing v. WEL Companies Inc.*, 1:25-cv-01884; *Williamson v. WEL Companies Inc.*, 1:25-cv-01889; *Jolly*

*v. WEL Companies Inc.*, 1:25-cv-1911; *Redd v. WEL Companies Inc.*, 1:25-cv-01913; *Phillips v. WEL Companies Inc.*, 1:25-cv-1918.

For the reasons detailed in Plaintiffs' Motion, to ensure consistent and efficient adjudications in this Court and conserve the resources of the Court and the parties, and for other good cause shown, the Court hereby **GRANTS** the Motion, and issues the following orders:

1. The 15 aforementioned actions currently pending in this District, and any other action arising out of the same or similar operative facts and allegations now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for pre-trial purposes and trial proceedings pursuant to Federal Rule of Civil Procedure 42(a) and Civil L. R. 42(a) before the Honorable Byron B. Conway (hereafter the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Master File No. 25-cv-1851-BBC, the number assigned to the first-filed case and reflect the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| *In Re: WEL Companies Data Incident Litigation* ) ) | Master File No: 1:25-CV-1851-BBC |
| ) | |
| This Document Relates To: ) | |

3. The case file for the Consolidated Action will be maintained under Master File No. 1:25-CV-1851-BBC. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, *e.g.*, "No. 1:25-CV-01861-BBC ("*Hartleben*")."

5

4. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts and allegations as the Consolidated Action, shall be consolidated with the Consolidated Action for pre-trial purposes. The Parties shall file a "Notice of Related Action" whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

5. If the Court determines that the case is related, the clerk shall:

    a. Place a copy of this Order in the separate file for such action;

    b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

    c. Direct that this Order be served upon defendant(s) in the new case; and

    d. Make an appropriate entry in the Master Docket.

6. Plaintiffs shall file a Consolidated Complaint no later than thirty (30) days following the entry of this Order.

7. Defendant shall have thirty (30) days after the filing of the consolidated class action complaint to answer or otherwise respond.

8. The foregoing is without prejudice to any claims by Plaintiffs or any other defenses on behalf of Defendant.

9. Israel David of Israel David LLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel, LLP, and Raina Borrelli of Strauss Borrelli PLLC are appointed as Interim Co-Lead Class Counsel.

10. Interim Co-Lead Class Counsel must assume responsibility for the following duties during all phases of this litigation:

    A. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

B. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

C. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

D. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

E. Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

F. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

G. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

H. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

I. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

J. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

K. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

L. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

M. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

N. Assessing Plaintiffs' counsel for the costs of the litigation;

O. Preparing and distributing periodic status reports to the Court and parties as ordered;

P. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an

7

ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Co-Lead Class Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

Q. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

11. As to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all of Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Class Counsel.

12. All other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order.

13. It is further ordered that there will be an Executive Committee of Plaintiffs' counsel which shall consist of the following individuals and their firms:

   a. Leanna A. Loginov of Shamis & Gentil, P.A.
   b. A. Brooke Murphy of Murphy Law Firm
   c. Jessica A. Wilkes of Federman & Sherwood
   d. Jeff Ostrow of Kopelowitz Ostrow P.A.
   e. Gary M. Klinger of Milberg PLLC
   f. Mark S. Reich of Levi & Korsinsky, LLP
   g. Gerald D. Wells III of Lynch Carpenter, LLP
   h. Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP
   i. Maureen M. Brady of McShane & Brady, LLC
   j. Amber L. Schubert of Schubert Jonckheer & Kolbe LLP

k. Ronald Podolny of Morgan & Morgan Complex Litigation Group

l. Leigh S. Montgomery of EKSM, LLP.

14. The Executive Committee's responsibilities include, but are not limited to, the following:

a. Work with other leadership counsel in the efficient prosecution of Plaintiffs' claims and carry out such duties and responsibilities as appropriate;

b. Participate in common benefit work to advance the litigation, assigned and performed under the direction of Interim Co-Lead Class Counsel;

c. Meet and confer with Interim Co-Lead Class Counsel as needed to consult on any matter germane to this litigation;

d. Conduct and coordinate discovery in an efficient manner;

e. Prepare periodic status reports summarizing the Executive Committee's work and progress, to be submitted to Interim Co-Lead Class Counsel for prompt distribution among Plaintiffs' counsel; and

f. Perform such other functions necessary to effectuate these responsibilities, as directed by Interim Co-Lead Class Counsel, or as may be expressly authorized by further Order of the Court.

g. It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Class Counsel and the Executive Committee. The Court recognizes changes to the Executive Committee's organization may be necessary as the litigation progresses and new details emerge.

15. Interim Co-Lead Class Counsel may organize subcommittees or other structures as necessary to aid in effective and efficient litigation as necessary. Interim Co-Lead Class Counsel may also delegate common benefit work responsibilities to other counsel to the extent non-leadership counsel's skill set will maximize the efficiency of this litigation.

16. The mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney

work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

17. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Eastern District of Wisconsin.

18. This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

19. Counsel are reminded of the importance of fully complying with the court's Local Rules and ECF Policies and Procedures in addition to all applicable Federal Rules of Civil Procedure. Failure to fully comply may result in the court removing counsel as Interim Co-Lead Class Counsel.

**SO ORDERED.**

Dated: December 12, 2025

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge